JAMES A. QUADRA, State Bar No. 131084
REBECCA M. COLL, State Bar No. 184468
QUADRA & COLL, LLP
649 Mission Street, 5th Floor
San Francisco, California 94105
Telephone:  (415) 426-3502
Facsimile:  (415) 795-4530

*Attorneys for Plaintiffs FREDERICK SCHULZ,*
*BRANDON WARREN and MATTHEW WARREN,*
*on behalf of themselves and all those similarly situated*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK SCHULZ, BRANDON WARREN and MATTHEW WARREN, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DHL Express (USA), Inc., and Does 1-100,<br><br>Defendants | Case No. 3:20-cv-04490-RS<br><br>**FIRST AMENDED COMPLAINT FOR**<br><br>**(1) Failure to Compensate for Hours Worked**<br>**(2) Failure to Compensate for Overtime**<br>**(3) Failure to Provide Paid Rest Periods**<br>**(4) Failure to Provide Meal Periods**<br>**(5) Waiting Time Penalties**<br>**(6) Unfair Business Practices (Business & Professions Code § 17200 et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs FREDERICK SCHULZ, BRANDON WARREN and MATTHEW WARREN, on behalf of themselves and all those similarly situated, allege as follows:

## JURISDICTION AND VENUE

1.      This action is properly filed with this Court.  Defendants employed Plaintiffs and violated Plaintiffs' rights in San Francisco, California and elsewhere in the state of California.

# THE PARTIES

2. Plaintiff Frederic Schulz is an individual who was employed by Defendant DHL Express (USA), Inc. as a "casual employee" in the capacity of a courier from June 8, 2017 until in or around May 2018, when he was promoted to the seniority list.

3. Plaintiff Brandon Warren is an individual who was employed in the State of California by Defendant DHL Express (USA), Inc. as a "casual employee" in the capacity of a courier from October 2016 until in or around March 2018, when he informed Defendant he would no longer be working at DHL.

4. Plaintiff Matthew Warren is an individual who was employed in the State of California by Defendant DHL Express (USA), Inc. as a "casual employee" in the capacity of a courier from June 2017 until in or around February 2018, when Defendant stopped calling him to come in for shifts.

5. Pursuant to Code of Civil Procedure section 382, Plaintiffs bring this action on behalf of themselves and all similarly situated "casual employees" who worked as couriers for DHL in the State of California from April 10, 2016 through the date of resolution of this action ("CLASS").

6. Defendant DHL Express (USA), Inc. ("DHL") is an Ohio corporation doing business in the State of California.

7. Plaintiffs are ignorant of the true names and capacities of Defendants, whether individual, corporate, associate or otherwise, sued herein as Does 1 - 100 and therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of Does 1 - 100 when ascertained. Plaintiffs are informed and believe that each of said Defendants designated herein is legally responsible and liable in the same manner for the events and happenings herein referred to, and under the causes of action set forth in this Complaint, and are therefore liable and responsible to Plaintiffs for an amount to be hereinafter determined.

8. Plaintiffs are informed and believe that each Defendant specifically or fictitiously named herein acted in his, her or its own right and is the agent, employee, servant or co-

conspirator of each of the other Defendants, as to each of the matters set forth herein. Each such Defendant, whether specifically or fictitiously named, was at all times acting within the scope and purpose of such agency, employment, service or conspiracy, or alternatively, if the acts of each such Defendant were not authorized at the time, such acts were subsequently ratified by the appropriate principal and each of the Defendants.

## FACTUAL ALLEGATIONS

9. On June 8, 2017, Plaintiff Frederick Schulz started work as an employee at DHL as a "casual employee" in the capacity of a courier. In or about May 2018, Plaintiff Schulz was promoted to the seniority list.

10. In October 2016, Plaintiff Brandon Warren started work as an employee at DHL as a "casual employee" in the capacity of a courier. In or about March 2018, Plaintiff Brandon Warren informed Defendant that he would no longer be working at DHL.

11. In June 2017, Plaintiff Matthew Warren started work as an employee at DHL as a "casual employee" in the capacity of a courier. In or about February 2018, DHL stopped calling Matthew Warren to come in for shifts.

12. While working as casual employees, Plaintiffs Frederick Schulz, Brandon Warren and Matthew Warren and the CLASS were required, in violation of California labor laws, to work through their lunch periods and rest breaks in order to complete the work that DHL required them to complete during their shifts.

13. DHL trained CLASS members to log out of the scanning devices used to document deliveries of packages ("SCANNERS") during meal breaks and rest breaks. However, DHL would then knowingly and unlawfully require the casual employees to accomplish so many deliveries in a shift that it was not possible to take meal periods or rest breaks and also complete the package deliveries in time. All of the packages being delivered to business had to be delivered before businesses closed for the day to avoid a "closed on arrival" designation, and packages delivered to residences had to be delivered before it became too late in the day to deliver the packages. If the unreasonable package delivery goal was not met during a shift, the

casual employee would be passed over for shifts and never promoted from the undesirable "casual" designation a "regular" full-time employee. Therefore, it was not feasible for CLASS members to take any breaks if they wanted to continue to receive shifts or get promoted.

14. In addition, DLH had a practice of unlawfully pressuring Plaintiffs and members of the CLASS to limit their "on clock" hours to avoid running afoul of Department of Transportation limitations on weekly maximum driving hours, further pressuring members of the CLASS to skip breaks to try to complete deliveries in fewer "on the clock" hours.

15. As a result of the unreasonable requirements of packages deliveries, Plaintiffs and members of the CLASS therefore routinely did not log out of the SCANNERS because they were not taking meal breaks or rest breaks. Because Plaintiffs and members of the CLASS did not log out of their SCANNERS, DHL was well aware that Plaintiffs and members of the CLASS were not taking their legally required meal and rest breaks but did not reduce the delivery requirements imposed on them.[1]

16. In order to cover up the fact that members of the CLASS were not logging out of SCANNERS and being forced to not take legally required meal or rest breaks, DHL managers would instruct Plaintiff and members of the CLASS to write down on their timecards at the end of the day that they took meal and rest breaks, when in fact they did not. Plaintiff and members of the CLASS would not be paid for the time they spent working during the periods they were required to write down that they were on meal breaks.

17. Plaintiff and members of the CLASS were damaged by being required to work through mandated breaks and by not receiving pay for their work during the meal periods they were prevented from taking.

---

[1] In addition, in circumstances where SCANNERS were not available for casual drivers, members of the CLASS would write down on paper what times they delivered packages, which upon review would reveal that meal and rest breaks had not been taken.

## FIRST CAUSE OF ACTION
## FAILURE TO COMPENSATE FOR ALL HOURS WORKED

18. Plaintiff and the CLASS hereby allege and incorporate by reference as though set fully forth herein, the allegations contained in all preceding paragraphs.

19. At all relevant times herein, Defendants were required to compensate Plaintiff and the CLASS for all hours they worked upon reporting for work at the appointed time.

20. Defendants failed to compensate Plaintiff and the CLASS for the hours they worked during the time periods when they were logged as if they were taking meal periods but were in fact working.

21. Plaintiff and the CLASS are entitled to recover compensation for all hours worked, but not paid, plus reasonable attorney fees and costs of suit pursuant to Labor Code § 1194, and penalties pursuant to Labor Code §§ 202 and 226.

## SECOND CAUSE OF ACTION
## FAILURE TO COMPENSATE FOR OVERTIME

22. Plaintiff and the CLASS hereby allege and incorporate by reference as though set fully forth herein, the allegations contained in all preceding paragraphs.

23. Plaintiff and the CLASS bring this cause of action pursuant to Labor Code § 1194(a) to recover overtime wages owed to Plaintiff by Defendants based on hours worked during meal period which were not properly recorded by Defendants.

24. At all relevant times, Plaintiff's employment was governed by Labor Code §§ 510, 515, 1194 and 1198. Under these provisions, Defendants were required to pay to Plaintiff, as a non-exempt employee, overtime wages. Plaintiff and the CLASS worked sufficient hours to be entitled to payment of overtime wages, but Defendants failed to pay all overtime wages required by the applicable Labor Code provisions, because of the time periods when they were logged as taking meal periods but were in fact working.

25. Plaintiff and the CLASS are entitled to recover overtime compensation for all hours worked, but not paid, plus reasonable attorney fees and costs of suit pursuant to Labor Code § 1194, and penalties pursuant to Labor Code §§ 202 and 203.

## THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE PAID REST PERIODS

26. Plaintiff and the CLASS hereby allege and incorporate by reference as though set fully forth herein, the allegations contained in all preceding paragraphs.

27. At all relevant times, Plaintiff and the CLASS' employment was governed by Labor Code §226.7, which required Defendants to provide Plaintiff and the CLASS with rest periods.

28. Defendants failed to provide the required rest periods to Plaintiff and the CLASS

29. Plaintiff and the CLASS are entitled to recover one hour of pay per day as a result of these missed rest periods pursuant to Labor Code §226.7.

## FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL PERIODS

30. Plaintiff and the CLASS hereby allege and incorporate by reference as though set fully forth herein, the allegations contained in all preceding paragraphs.

31. At all relevant times, Plaintiff and the CLASS' employment was governed by Labor Code §§226.7 and 512, which required Defendants to provide Plaintiff and the CLASS with meal periods wherein they should have been released of all duties.

32. Defendants failed to provide the required meal periods for Plaintiff and the CLASS.

## FIFTH CAUSE OF ACTION
## WAITING TIME PENALTIES

33. Plaintiff and the CLASS hereby allege and incorporate by reference as though set fully forth herein, the allegations contained in all preceding paragraphs.

34. California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

35.     Plaintiff and the CLASS are entitled to unpaid compensation for hours worked during their meal breaks but to date have not received their final paychecks reflecting these hours, nor any of the unpaid compensation or overtime pay to which they are entitled.  More than thirty days have passed since Plaintiff left Defendants' employment.  Defendants have willfully failed to pay such wages.  As a result, Plaintiff and the CLASS are entitled to waiting time penalties.

## SIXTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES (B&P CODE § 17200 *ET SEQ.*)

36.     Plaintiff and the CLASS hereby allege, and incorporate by reference as though set fully forth herein, the allegations contained in all preceding paragraphs

37.     By Defendant's wrongful conduct as alleged above, Defendants engaged in unfair, deceptive and/or fraudulent business acts or practices in violation of Business & Professions Code §§ 17200 *et seq.*

38.     Plaintiff and the CLASS lost money due to Defendants' violations of Business & Professions Code § 17200 in the form of unpaid wages. Such lost money should be restored to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the Class prays for judgment as follows:

1.    For compensatory damages including unpaid wages and unpaid overtime;

2.    For compensation for missed meal and rest periods pursuant to Labor Code 226.7.

3.    For penalties pursuant to Labor Code § 203 and other applicable law.

4.    For interest accrued to date, including but not limited to interest pursuant to Labor Code § 1194;

5.    For restitution of all monies due to Plaintiff and the CLASS, including pursuant to Business & Professions Code § 17203;

6.    For costs of suit and expenses incurred herein, including an award pursuant to Labor Code § 1194;

7.    For reasonable attorneys' fees pursuant to Labor Code §§ 218.5, 1194, and/or

other applicable law;

    8.    For punitive and exemplary damages; and

    9.    For all such other and further relief that the Court may deem just and proper.

DATED: November 18, 2020              Respectfully Submitted,

QUADRA & COLL, LLP

By: _____
Rebecca M. Coll

*Attorneys for Plaintiffs on behalf of themselves and the Class*

**DEMAND FOR JURY TRIAL**

Plaintiffs on behalf of themselves and the Class hereby demand a trial by jury relating to the above claims against Defendants.

DATED: November 18, 2020

QUADRA & COLL, LLP

By: _____
James A. Quadra
Rebecca M. Coll

*Attorneys for Plaintiffs on behalf of themselves and the Class*