QUADRA & COLL, LLP
James A. Quadra (SBN 131084)
jquadra@quadracoll.com
Rebecca M. Coll (SBN 184468)
rcoll@quadracoll.com
649 Mission St Fl 5
San Francisco, California 94105
Telephone:   (415) 426-3502
Facsimile:   (415) 795-4530

*Attorneys for Plaintiffs Frederick Schulz, Brandon Warren And Matthew Warren, on Behalf of Themselves and Those Similarly Situated*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDERICK SCHULZ, BRANDON WARREN AND MATTHEW WARREN on behalf of himself and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DHL EXPRESS (USA), INC., Defendant.<br><br>Defendant. | Case No. 3:20-cv-04490-RS<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:   September 29, 2022<br>Hearing Time:   1:30 p.m.<br>Courtroom:   3, SF Courthouse, 17th Flr.<br>Judge:   Hon. Richard Seeborg |

1

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 5

FACTS ......................................................................................................................................... 5

ARGUMENT ............................................................................................................................... 8

    I.    THE COURT-ORDERED NOTICE PROGRAM IS CONSTITUTIONALLY SOUND AND HAS BEEN FULLY IMPLEMENTED. .................................... 8

    II.    FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE. ............. 9

        A.    The Settlement Was The Result Of Arms-Length Negotiations. ........ 10

        B.    The Gross Settlement Fund Is Fair and Reasonable. ......................... 11

        C.    The Proposed Distribution Is Fair And Reasonable. ......................... 13

        D.    The Recommendation of Experienced Class Counsel And The Reaction of the Class Support Final Approval. ................................ 14

CONCLUSION .......................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610 (N.D. Cal. 1979) .................................................. 14

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) .......................................... 10

*Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15 (N.D. Cal. 1980) ....................................... 14

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) ........................................................... 8

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ......................................................... 9, 10

**Statutes**

Business & Professions Code §17200 ....................................................................................... 9

California Civil Code § 1542 .................................................................................................. 11

Fed. R. Civ. P. 23(c)(2)(B) ........................................................................................................ 8

Fed. Rule Civ. P. 23(e)(1)(B) .................................................................................................... 8

**Other Authorities**

Alba Conte & Herbert B. Newberg, Newberg on Class Actions, § 11.41 (4th ed. 2002) ...... 10

Manual for Complex Litigation (Fourth) §§ 21.632-34 (2004) .............................................. 8

Manual for Complex Litigation § 30.42 .................................................................................. 9

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on September 29, 2022, at 1:30 p.m. before the Honorable Richard Seeborg, United States District Court - San Francisco Courthouse, Courtroom 3, via Zoom at https://cand-uscourts.zoomgov.com/j/1606595725?pwd=OExjRVA5N01TQjRSRDZNM25PSThjUT09 Webinar ID: 160 659 5725, Password: 466459, Plaintiffs FREDERICK SCHULZ, BRANDON WARREN and MATTHEW WARREN will and hereby do move for an order granting Plaintiffs' Motion Final Approval of Class Action Settlement.

Plaintiffs' motion is based on this Notice, the accompanying Memorandum of Points and Authorities, Declaration of Rebecca Coll and all the exhibits thereto, and the Declaration of TAYLOR MITZNER.

Dated:  August 22, 2022                                    Respectfully submitted,

                                                           QUADRA & COLL, LLP

                                                    By:     /s/ Rebecca Coll
                                                           Rebecca Coll

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This is a meal and rest break class action brought on behalf of employees designated as "Casual Employees" at Defendant DHL Express (USA), Inc. ("DHL" or "Defendant"). Plaintiffs Frederick Schulz, Brandon Warren, and Matthew Warren brought this class action, on behalf of themselves and the settlement class members, based on alleged violations of the California Labor Code. The Court has granted preliminary approval of the settlement, and the claims period has closed. As of the date of this filing, there have been no objections to the settlement, and only one opt out. With this motion, Plaintiffs seek final approval of the class settlement attached as Exhibit 1 to the Declaration of Rebecca Coll. As discussed below, the proposed settlement satisfies all criteria for final approval of the settlement.

## FACTS

On April 10, 2020, Plaintiff Schulz filed this case on behalf of himself and other similarly situated "Casual Employees" who worked as couriers of DHL in the State of California from April 10, 2016 through the present. (See Dkt. 1-main, p. 15 of 39 [Complaint], ¶3.) Defendant removed the action to federal court, based on the Class Action Fairness Act. (*See* Notice of Removal filed July 7, 2020, Dkt. No. 1.)

On October 8, 2020, the parties filed a Joint Case Management Conference statement. (Dkt. No. 17.)

On October 9, 2020, Plaintiff Schulz served his initial disclosures. (Coll Decl. ¶4.)

On November 19, 2020, Plaintiff Schulz filed a Motion to file an Amended Complaint to add two named plaintiffs, Brandon Warren and Matthew Warren. (Dkt. No. 21.)

On December 8, 2020, the parties filed a stipulation and proposed order for Plaintiff to file the Amended Complaint, which was granted the same day. (Dkt. Nos. 23-25.) Plaintiffs filed the First Amended Complaint. (Dkt. No. 26.)

On January 26, 2021, the parties filed a stipulation and proposed order to stay this litigation to engage in informal discovery and mediation. (Dkt. No. 29.)

On January 27, 2021, the Court granted the parties' request and set a Case Management Conference for August 19, 2021. (Dkt. No. 30.)

Thereafter, Plaintiffs requested extensive discovery from Defendant, which Defendant provided voluntarily, including obtaining wage records and information that would demonstrate the facts necessary to show that class members had not received required breaks, as well as information relevant to calculating penalties allegedly owed to the class members. (Coll Decl. ¶9.) Defendant produced documents reflecting the class members' hours worked, payroll records, and break records. (*Id.*) Counsel for Plaintiffs analyzed the data thoroughly and retained an expert to provide consultation regarding the calculation of wages and penalties owed. (*Id.*) After analyzing the initial data provided by Defendant, Plaintiffs followed up with additional demands for further information, which Defendant provided after meet and confer efforts. (*Id.*) In addition, Defendant provided spreadsheets reflecting the dates of separation of all former employees. (*Id.*) Plaintiffs did not proceed to mediation until all relevant information had been produced. (*Id.*)

On August 3, 2021, the parties engaged in an all-day mediation with mediator Tripper Ortman. (Coll Decl. ¶12.) After a lengthy session that lasted into the evening, the parties were able to reach a settlement subject to the Court's approval. Over the course of the next several months, the parties engaged in back-and-forth negotiations regarding the terms of the settlement, until an agreement was finally signed in December 2021. (*Id.*, Exh. 1.)

The settlement agreement provides for payment in the amount of $1,200,000 to a class of approximately 756 individuals (after subtracting 1 request for exclusion and 6 undeliverables), an average recovery of $1,587.30 per class member, prior to reduction for attorneys' fees and enhancement payments ($1,200,000 / 756 = $1,587.30), or approximately $1,177.24 per class member after such reductions if the Court approves the requested attorneys' fees and costs and enhancement payments requested in the accompanying Motion for Attorneys Fees and Enhancement Payments ($890,000 / 756 = $1,177.25). (Coll Decl. ¶10; Mitzner Decl. ¶15.) Defendant will also pay for class notice and claims administration procedures separate and apart from the recovery of the Class. (Coll Decl. Exh. 1, ¶1.13; ¶7.)

No class member will be required to make a claim, but instead will receive checks in the mail without being required to take any action. (*Id.*, ¶10.3, ¶8.7.)

On February 3, 2022, the Court granted preliminary approval of the proposed settlement, and set a date for a hearing on final approval of the settlement and consideration Plaintiffs' motion for attorneys' fees and enhancement payment for June 30, 2022. (*See* Dkt. No. 43.)

On March 17, 2022, the claims administrator distributed class notice. (Mitzner Decl. ¶5.)

On April 6, 2022, the Class Counsel filed a Motion for Award of Attorneys' Fees and Enhancement Payments. (*See* Dkt. No. 46.)[1]

On May 20, 2022, the parties submitted a stipulation to the Court explaining there had been errors in the class notice, which had contained incorrect workweek calculations and incorrect estimated individual payments to class members. (*See* Dkt. No. 48.)

On May 20, 2022, the Court issued an order granting the parties' stipulated request to issue a First Amended Class Notice, correcting the individual workweek calculations. (See Dkt. No. 49.) The Court also continued the hearing date for the Motion for Final Approval and Motion for Attorneys' Fees. (*Id.*)

On May 23, 2022, Defendant transmitted a corrected data file with individual workweeks worked by members of the Class. (Mitzner Decl. ¶6.)

On June 9, 2022, the claims administrator mailed the revised notice packet to the Class Members. (Mitzner Decl. ¶7.)

There has been only one request for exclusion, and no objections to the Class Settlement have been received. (Mitzner Decl. ¶10, ¶11.)

---

[1] Though Class Counsel have incurred additional fees since filing their Motion for Attorneys' Fees, Class Counsel stand by their prior motion and request for fees and costs, and request that the Court grant that motion at the new hearing date of September 29, 2022.

# ARGUMENT

A class action settlement must be approved by the Court to be effective. *See* Fed. R. Civ. P. 23(e). There are three steps to the process of obtaining approval of the settlement:

(1) A preliminary approval hearing, at which the court considers whether the proposed settlement class provisionally meets the requirements of Rule 23, and whether the proposed settlement is within the range of reasonableness possibly meriting final approval,

(2) Notice of the proposed settlement to the Class, together with notice of a fairness hearing, and

(3) A final fairness hearing, wherein the Court decides whether the proposed settlement is fair, reasonable, and adequate. *See* Manual for Complex Litigation (Fourth) §§ 21.632-34 (2004).

This Court has already granted preliminary approval of the settlement, and class notice has been made. Plaintiffs herein request that the Court to take the final step in settlement approval process by determining that the proposed settlement is fair, reasonable and adequate, and by granting final approval of the settlement.

## I. THE COURT-ORDERED NOTICE PROGRAM IS CONSTITUTIONALLY SOUND AND HAS BEEN FULLY IMPLEMENTED.

To protect the rights of absent Class members, the Court must provide the best notice practicable to Class members of a potential class settlement. *See* Fed. Rule Civ. P. 23(e)(1)(B); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985). The notice provided to class members should "clearly and concisely state in plain, easily understood language" the nature of the action; the class definition; the class claims, issues, or defenses; that the class member may appear through counsel; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members. Fed. R. Civ. P. 23(c)(2)(B).

The manner and form of notice approved by the Court and carried out by the Claims Administrator complied with these requirements. The Claims Administrator mailed a class notice to each class member. (Mitzner Decl. ¶7, Exh. A.) The class notice provided an

estimate of the payout to each individual class member. (*Id*., ¶12.) Moreover, the Claims Administrator created a website that provided links to the Class Notice and all relevant papers in this case, as well as a link to the Pacer docket. (*Id*., ¶2.) The Claims Administrator has reported that 763 claim forms were mailed, and only 6 are undeliverable after tracing was performed on undeliverable forms.

Moreover, the Notice clearly and concisely stated, in easily understood language, the nature of the action, the class definition, and the class claims. It set forth the class definition in clearly understandable language: "All persons classified as 'casual employees' who worked as couriers for DHL Express (USA), Inc. in the State of California from April 10, 2016 through February 3, 2022." (Mitzner Decl., Exh. A, p.1.)

The Notice explained that the named plaintiffs brought this action on behalf of themselves and all similarly situated casual employees for (1) Failure to Compensate for Hours Worked; (2) Failure to Compensate for Overtime; (3) Failure to Provide Paid Rest Periods; (4) Failure to Provide Meal Periods; (5) Waiting Time Penalties; and (6) Violation of Unfair Business Practices Act (Business & Professions Code §17200 et seq.).  (*Id*.)

The Notice also clearly stated that the class member may appear through counsel (Mitzner Decl., Exh. A, p.4 ["You may, but need not, enter an appearance through counsel of your choice"]), that the court would exclude from the class any member who requests exclusion (*id*., p. 3), the time and manner for requesting exclusion (*id*., p. 3), and the binding effect of the class release on class members, absent a request for exclusion (*id*., p.3). Therefore, the Court should find that class notice has been fully implemented and is constitutionally sound.

## II.   FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE.

Final approval of a class action settlement is warranted under Federal Rule of Civil Procedure 23(e) if the settlement is "fundamentally fair, adequate, and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). A settlement is fair, adequate and reasonable when "the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." Manual for Compl. Litig. at § 30.42. The Court's ultimate

determination involves balancing several actors, including "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel…and the reaction of the class members to the proposed settlement." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992)(quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)); *see also Staton*, 327 F.3d at 959. Where, as here, the settlement is the product of arm's-length negotiations conducted by capable counsel with extensive experience in complex class action litigation, the court begins its analysis with a presumption that the settlement is fair and should be approved. *See* 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions, § 11.41 (4th ed. 2002).

### A. The Settlement Was The Result Of Arms-Length Negotiations.

The proposed settlement in this matter was reached after months of hard-fought negotiations. On August 3, 2021, the parties engaged in an all-day mediation with mediator Tripper Ortman. (Coll Decl. ¶12.) After a lengthy session that lasted into the evening, the parties were able to reach a settlement subject to the Court's approval. (*Id*.) Over the course of the next several months, the parties engaged in back-and-forth negotiations regarding the terms of the settlement, until an agreement was finally signed in December 2021. (*Id*., Exh. 1.) Mediation did not occur until after Defendant provided documentary evidence relating to both liability and sufficient evidence to establish Defendant's financial exposure in this case. (*Id*., ¶9.) Defendant produced documents reflecting the class members' hours worked and breaks taken, including payroll records. (*Id*.) Counsel for Plaintiff thoroughly analyzed the data and followed up with Defendant regarding missing information until Defendant satisfied counsel for plaintiff that relevant and accurate information had been produced. (*Id.*)

In short, the settlement was reached based on objective and verified information, and is the product of non-collusive and hard-fought negotiations.

### B. The Gross Settlement Fund Is Fair and Reasonable.

The total settlement fund payment under the proposed settlement is $1,200,000.00 ("Gross Settlement Amount"). The Gross Settlement Amount does not include the costs of the Settlement Administrator. The Settlement Administrator costs are to be borne separately by Defendant *in addition to* the Gross Settlement Amount. (Exh. 1, ¶7.)

In exchange for participation in the class fund, each class member is deemed to be bound by a release, which is limited to claims that were alleged or could have been alleged in this action, and does not impact other rights of employees:

> Each member of the Settlement Class releases Released Parties from any and all claims, debts, liabilities, demands, obligations, penalties, premium pay, guarantees, costs, expenses, attorney's fees, damages, actions or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, under any legal theory that were or could have been alleged in the operative complaint in the Action arising during the period from April 10, 2016, to the date on which the Court grants final approval of the settlement and related to work performed as Casual employees ("Released Claims"). The Released Claims include, but are not limited to, claims for any alleged failure to pay all wages due (including minimum wage and overtime wages), failure to pay for all hours worked (including off-the clock work), failure to provide meal and rest periods, short/late meal and rest periods, failure to relieve of all duties during meal and rest periods, failure to pay or underpayment of meal and rest break premiums, auto-deduction of meal periods, failure to timely pay final wages, and unfair business practices relating to the foregoing, up to and including the date of final approval by the Court. The Released Claims include without limitation claims meeting the above definition(s) under any and all applicable statutes, including, but not limited to, any provision of the California Labor Code; Private Attorneys General Act (California Labor Code §§ 2698, et seq.); California Business & Professions Code §§ 17200 et seq.; any provision of the applicable California Industrial Welfare Commission Wage Orders, or the Fair Labor Standards Act, based on the facts or claims alleged in the Complaint(s) in the Action. This release shall apply to all claims arising at any point between April 10, 2016 and the date of Final Approval ("Release Period"). Released Claims do not include claims by Settlement Class Members arising out of work performed in any capacity other than as a "casual employee."

(Exh. 1, ¶16.)[2]

---

[2] The release for the named class representatives is broader, providing: "In addition to the Released Claims, Plaintiffs shall each be bound by a compete and general release of all claims under any and all applicable federal and state laws and/or regulations as to Released Parties, and shall also be bound by a California Civil Code section 1542 release and waiver of all claims known and unknown, without exception, except as may be prohibited by law,

1    Class Counsel have analyzed the settlement amount and believe it to be fair and in the
2 best interest of the Class. Class Counsel have reviewed the wage and hour records of
3 Defendant, and have concluded that the approximate amount of wages and penalties that
4 could be deemed to be owed to the class members is approximately $3,750,000. (Coll Dec.
5 ¶11.) However, Class Counsel have concluded that there is a significant risk of reduction in
6 penalties awarded, or outright loss at trial.
7    Class Counsel evaluated the risks at issue in this case and concluded that the proposed
8 settlement is appropriate for three primary reasons.
9    First, Defendant has indicated an intent to defend this action based on Labor Code
10 section 512(e), which states that the penalties for missed meal breaks do not apply to
11 employees covered by a collective bargaining agreement, where the collective bargaining
12 agreement provides for meal periods and provides for binding arbitration. (*See* CMC
13 Statement, docket no. 17, p. 5:10-11.)  Defendant asserts that each member of the putative
14 class is subject to a collective bargaining agreement.
15    Second, Defendant has asserted a claim that preemption afforded under the National
16 Labor Relations Act and/or Labor Management Relations Act applies.  (*See id.*, p. 5:12-13.)
17 In the opinion of Class Counsel, these defense claims are adequate to warrant a serious
18 discount in the full amount allegedly due to the proposed Class.  (Coll Decl. ¶11.)
19    Third, Defendant has contested Plaintiffs' claims that there was a statewide policy of
20 forcing casual workers to skip meal and rest breaks, and focused on the fact that Plaintiffs
21 never filed grievances, and on the fact that three Plaintiffs cannot establish a statewide policy
22 that is neither written nor adequately documented.  Defendant asserts that couriers had ample
23 opportunity to take breaks and did indeed take breaks, but did not routinely record breaks,

---

such as claims for Workers' Compensation benefits. California Civil Code section 1542 reads as follows: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." (Coll Decl. Exh. 1, ¶16.1.)

12

Motion for Final Approval                                         Case No. 3:20-cv-04490-RS

making proof of a classwide practice difficult to establish. Based on these difficulties in proof, in Class Counsel's judgment, the proposed settlement is fair to the Class.

This result for the Class is fair and reasonable, in light of the risks of trial and the fact the class members will not need to wait until the conclusion of lengthy litigation and potential appeals extending years into the future. Given the above risks, the result for the Class was excellent.

### C. The Proposed Distribution Is Fair And Reasonable.

In the event that the Court awards Class Counsel their request for fees and costs and awards the named class representatives a total of $10,000, as requested in the accompanying Motion for Attorneys' Fees and Enhancement Payments, the total amount distributed to the Class will be $890,000 ($1,200,000 - $300,000 attorneys' fees and costs - $10,000 enhancement payments = $890,000).

The settlement calls for the Settlement Administrator to calculate individual settlement shares based on workweeks worked by each Class Member during the Class Period, defined to be the time period of April 10, 2016 through February 3, 2022 (the date of the preliminary approval). Individual Settlement Shares for that time period were calculated by dividing the number of weeks a Settlement Class Member worked in the role of a casual driver by the number of weeks worked by all Settlement Class Members. (*See* Mitzner Decl. Exh. A [class notice], p. 2 ("Individual Settlement Shares for that time period will be calculated by dividing the number of weeks a Settlement Class Member worked in the role of a causal driver ("Casual") for Defendant in California from April 10, 2016 to February 3, 2022 ("Workweeks"), by all the number of weeks worked by all Settlement Class Members as Casuals in California during that time."); see also Coll Decl. Exh. 1 [Settlement Stipulation], ¶8.2.) That amount was then be multiplied by the Net Settlement Fund. (*Id*.) Employee-side tax withholdings will be applied. There was one Class Member who submitted a Request for Exclusion, and his share will return to the Net Settlement Amount and will be distributed to the remaining Settlement Class Members (Exh. 1, ¶8.4) so that the amount actually distributed to the Settlement Class equals 100% of the Net Settlement Amount. Thus, each

individual class member will receive a proportionate amount of the settlement, based on the number of weeks (or portions thereof) that the worker worked.

The class notice form made estimates based on the possibility of the Court's awarding the full requested 25% in attorneys' fees and costs, and the requested enhancement awards. Each class member had an opportunity to challenge the calculation of his or her individual claim amount. (Coll Decl., Exh. 1, ¶14; Mitzner Decl. Exh. A.) Two class members challenged their calculations. (Mitzner Decl. ¶12.) The claims administrator determined that both class members were claiming weeks that they did not work during their employment period, and therefore were considered invalid. (*Id*.)

### D. The Recommendation of Experienced Class Counsel And The Reaction of the Class Support Final Approval.

The recommendations of plaintiff's counsel should be given a presumption of reasonableness. *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight."). Class Counsel in this case, who are experienced and skilled in class action litigation, support the Settlement as fair, reasonable, and adequate, and in the best interests of the Class as a whole. (*See generally* Quadra Declaration in Support of Motion for Attorneys' Fees (Dkt 46-2), Coll Declaration in Support of Motion for Attorneys' Fees (Dkt 46-3); *see also* Coll Declaration in Support of Motion for Final Approval, ¶21.) As set forth in Section B, *supra*, Class Counsel evaluated the risks to the Class and believe that the settlement amount is fair, reasonable and adequate.

The Settlement guarantees a substantial recovery for the Class while obviating the need for lengthy, uncertain, and expensive pretrial practice, trial, and appeals. Moreover, the reaction of the Class to this settlement has been overwhelmingly positive. Only one class member has opted out of the settlement, and there have been no objections to the settlement. (Mitzner Decl. ¶10, ¶11.)

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Final Approval of the Class Settlement.

Dated: August 22, 2022             Respectfully submitted,

                                   QUADRA & COLL, LLP
                                   By:   /s/ Rebecca Coll
                                         Rebecca Coll